UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| TARYL J. HONEYCUTT, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:11-cv-00018-GZS |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION | ) | |
| COMMISSIONER, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION

The Social Security Administration found that Taryl J. Honeycutt, a 30-year-old, father

of four with disk disease and joint pain retains the functional capacity to perform substantial

gainful activity he has performed in the past, resulting in a denial of Honeycutt's application for

disability insurance and supplemental security income benefits under Title II and Title XVI of

the Social Security Act.  Honeycutt commenced this civil action to obtain judicial review of the

final administrative decision.  I recommend that the Court affirm the administrative decision.

### The Administrative Findings

The Commissioner's final decision is the July 27, 2010, decision of Administrative Law

Judge John F. Edwards because the Decision Review Board did not complete its review during

the time allowed.   Judge Edward's decision tracks the familiar, five-step sequential evaluation

process for analyzing social security disability claims.  (Docs. Related to Admin. Process, Doc.

No. 8-2, R. 1, 7-14.[1])

At step 1 of the sequential evaluation process, the Judge found that Honeycutt met the

insured status requirements of Title II through September 30, 2011, and has not engaged in

---

[1]     The Commissioner has consecutively paginated the entire administrative record ("R."), which has been
filed on the Court's electronic docket in a series of attachments to docket entry 8.

substantial gainful activity since March 3, 2009, the amended, alleged onset date.  (R. 9, Findings 1 & 2.)

At step 2, the Judge found that Honeycutt has the following severe impairments:  lumbar degenerative disk disease, a left knee disturbance, amblyopia, and a personality disorder with antisocial features.  The judge concluded that a more recent condition of tarsal tunnel syndrome was not severe due to its limited duration.  (R. 9-10, Finding 3.)  At step 3, the Judge found that this combination of impairments would not meet or equal any listing in the Commissioner's Listing of Impairments, Appendix 1 to 20 C.F.R. Part 404, Subpart P.  As for the mental impairment, the judge assessed that Honeycutt experiences only mild restriction in activities of daily living, moderate difficulties in social functioning, and only mild difficulties with concentration, persistence, and pace.  The judge could not locate in the record evidence that Honeycutt has suffered from episodes of decompensation of significant duration.  (R. 10, Finding 4.)

Prior to further evaluation at steps 4 and 5, the Judge assessed Honeycutt's residual functional capacity.  The findings relevant to the arguments Honeycutt advances here are the findings associated with Honeycutt's ability to endure social interaction.  In that regard, the Judge found that Honeycutt can interact with coworkers in an ordinary work setting, tolerate normal supervision, and work in public areas, but can only tolerate superficial interaction with the general public.  (R. 11, Finding 5.)

At step 4, the Judge found that this residual functional capacity still permitted Honeycutt to perform past relevant work as a laborer in stores and as a short-order cook.  (R. 14, Finding 6.) Consequently, the judge found that Honeycutt was not under a disability between the alleged onset date and the date of decision.  (R. 14, Finding 7.)

## Discussion of Plaintiff's Statement of Errors

Honeycutt argues that the Judge erred in his residual functional capacity finding by concluding that Honeycutt "is able to tolerate being around people, but not for long periods," yet still finding that Honeycutt can interact with coworkers in an ordinary work setting and be in public settings so long as public interaction is superficial.  In Honeycutt's view, these findings are not only inconsistent, but highly problematic because a work day means eight hours per day, five days per week, and the judge did not explain what evidence would support the distinction between coworker or supervisor interaction and public interaction.  (Statement of Errors at 2-3, Doc. No. 10.)  Honeycutt further argues that the evidence, when properly considered, "highlight[s] his ongoing difficulty with bosses and coworkers."  (Id. at 3, citing predominantly claimant's own testimony.)  In Honeycutt's view, he cannot return to past relevant work in "the very jobs that he lost due to his inability to get along with co-workers and his bosses."  (Id. at 4.)  In closing, Honeycutt returns to the administrative law judge's finding that Honeycutt cannot tolerate being around people for long periods and maintains that this finding is inconsistent with a finding that he can persist with full-time work that would necessarily place him around people on a regular basis every day.  (Id. at 5, citing SSR 96-8p.)  Honeycutt does not assert error with regard to the Judge's residual functional capacity finding insofar as his physical limitations are concerned and no judicial review of that issue has occurred.

The Court must affirm the administrative decision so long as it applies the correct legal standards and is supported by substantial evidence.  This is so even if the record contains substantial evidence in support of an alternative assessment.  Manso-Pizarro v. Sec'y of HHS, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam);  Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st

Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).

The relevant psychiatric evaluation report of record is the November 2008 consultative examination of Edward Quinn, Ph.D. (Ex. 11F.) Dr. Quinn diagnosed, provisionally, a borderline personality disorder with antisocial features and he offered a medical source statement concerning mental work activities. Dr. Quinn assessed that Honeycutt could relate to others appropriately, but "reports symptoms" suggesting difficulty functioning around others, and has "some issues with stressors." (R. 470.) According to Dr. Quinn, however, Honeycutt "appears capable of functioning in a social setting based upon his behavior during evaluation." (Id.)

Scott W. Hoch, Ph.D., conducted the Commissioner's psychiatric review technique in December 2008. He considered Dr. Quinn's evaluation of November 2008, an earlier Quinn evaluation of January 2008, and treatment notes from a primary care provider. (Ex. 14F, R. 496.) Dr. Hoch assessed that the evidence of record concerning personality disorder would entail only mild limitations in relation to the three functional categories of the psychiatric review technique form: activities of daily living, social functioning, and concentration, persistence, and pace. (R. 494.) This entailed an assessment that Honeycutt's mental impairment is non-severe for social security disability purposes. (R. 484.) Dr. Hoch did not identify any evidence of decompensation of extended duration. (R. 494.) David Houston, Ph.D., repeated the psychiatric review technique in May 2009. (Ex. 20F.) Dr. Houston also assessed only mild limitations in the functional categories and he, too, opined that Honeycutt's mental impairment is non-severe

when measured against the social security disability standards.  (R. 542, 552.)  In June 2009, Mary Ellen Menken, Ph.D., reviewed Dr. Houston's psychiatric review technique form and noted her agreement with Dr. Houston's rating of social functioning.  (Ex. 21F, R. 556.)[2]

The Judge departed from the assessments offered by the consulting experts by finding a moderate degree of limitation in social functioning.  In doing so, it is apparent that the Judge credited Honeycutt's subjective characterization of his antisocial tendencies, to a degree.

Honeycutt has not asserted that this was a per se error based on a lack of substantial evidence in the form of medical expert opinion.  Instead, Honeycutt believes that the Judge forced himself into error with his decision to describe Honeycutt as a person who cannot tolerate being around people for long periods of time.  I reject this contention.  A reasonable person could readily interpret the Judge's comment as consistent with his residual functional capacity finding, which was to the effect that Honeycutt cannot endure more than superficial interaction with the general public in the work setting.  As for the ultimate issue of whether the record contains substantial evidence in support of a decision to withhold the preclusion of all public interaction, it can only be said that it does.  The consulting expert reviewers have opined that Honeycutt suffers only mild difficulties with social interaction and even Dr. Quinn, the examining consultant, opined that Honeycutt "appears capable of functioning in a social setting." (R. 470.)  Finally, there is no treating source statement in the record indicating that Honeycutt is mentally disabled or incapable of superficial public contact based on his history of refusing to get along with others.  A reasonable person could review this record and conclude that the Judge's discussion of the evidence is adequate to support his determination that Honeycutt is not disabled.

---

[2]    The administrative law judge called a medical expert to testify at the hearing concerning Honeycutt's physical impairments, but did not call an expert witness to address Honeycutt's mental impairments.

**Conclusion**

For the reasons set forth in the foregoing discussion, I RECOMMEND that the Court

AFFIRM the Commissioner's final decision and enter judgment in favor of the Commissioner.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 22, 2011